## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

CLAUDE MILLS,

      Plaintiff,

v.                              Case No. 2:19-cv-00727

WEXFORD HEALTH SOURCES, INC., *et al.*,

      Defendants.

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Defendants' motions to dismiss (ECF Nos. 20 and 28). By separate Order, the undersigned has granted Plaintiff's motion to amend his complaint (ECF No. 24). Consequently, as addressed further herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the motions to dismiss without prejudice.

### STANDARD OF REVIEW

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to

state a claim to relief that is plausible on its face."  While the complaint need not assert

"detailed factual allegations," it must contain "more than labels and conclusions" or a

"formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*,

556 U.S. 662 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet
> that a court must accept as true all of the allegations contained in a
> complaint is inapplicable to legal conclusions.  Threadbare recitals of the
> elements of a cause of action, supported by mere conclusory statements,
> do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for
> the purposes of a motion to dismiss we must take all of the factual
> allegations in the complaint as true, we "are not bound to accept as true a
> legal conclusion couched as a factual allegation" (internal quotation marks
> omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff
> armed with nothing more than conclusions.  Second, only a complaint that
> states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to
> dismiss can choose to begin by identifying pleadings that, because they are
> no more than conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a complaint, they
> must be supported by factual allegations.  When there are well-pleaded
> factual allegations, a court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.

## ANALYSIS

On October 7, 2019, Plaintiff filed his initial complaint (ECF No. 2) asserting that,

in June of 2018, following neck and ear surgery, medical staff at the Mount Olive

Correctional Complex were deliberately indifferent to his serious medical needs by

refusing to change his bandages and failing to provide him antibiotics on four occasions.

However, the Complaint fails to allege any facts concerning specific conduct by the

named defendants.

Defendants' motions to dismiss assert that the allegations in complaint are insufficient to state a plausible claim of deliberate indifference and further assert that Plaintiff failed to exhaust the available administrative remedies concerning his claims before filing his complaint.  (ECF Nos. 21 and 29).  On November 30, 2020, Plaintiff filed a motion to amend (ECF No. 24), requesting leave to file an amended complaint setting forth more specific allegations in support of his claims and addressing his position concerning the exhaustion of administrative remedies.

Even based upon a liberal reading of the complaint, and taking all of the allegations therein as true, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint (ECF No. 2) and his responses to the motions to dismiss (ECF Nos. 23 and 30) are too conclusory to state a plausible claim for relief.  Thus, dismissal of the complaint pursuant to Rule 12(b)(6) would be appropriate.

However, the undersigned notes that "the Fourth Circuit has stated that a court should consider granting plaintiffs, particularly *pro se* plaintiffs, leave to amend if it dismisses a complaint based on [Rule] 12(b)(6)." *Smith v. Virginia,* No. 3:08cv800, 2009 WL 2175759, at *9 (E.D. Va. July 16, 2009) (*citing Ostrzenski v. Seigel,* 177 F.3d 245, 252–53 (4th Cir.1999)).

> Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim. The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.

*Ostrzenski,* 177 F.3d at 253.  Based upon this authority, by separate Order, the undersigned has granted the plaintiff leave to file an Amended Complaint by **June 4, 2021.**

## **RECOMMENDATION**

In light of leave being granted to Plaintiff to amend his Complaint, to which new responsive pleadings will be required, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY WITHOUT PREJUDICE** the pending motions to dismiss (ECF No. 20 and 28), and leave this matter referred to the undersigned for additional proceedings.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the plaintiff and to transmit a copy to counsel of record.

May 5, 2021

Dwane L. Tinsley
United States Magistrate Judge