IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

CLAUDE MILLS,

    Plaintiff,

v.                                      Case No. 2:19-cv-00727

WEXFORD HEALTH SOURCES, INC., *et al.*,

    Defendants.

### PROPOSED FINDINGS AND RECOMMENDATION

This matter, which is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition, is before the court for screening of certain claims contained in Plaintiff's amended complaint (ECF No. 35) pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Also pending is a motion to dismiss (ECF No. 37) filed by Defendants Charles Lye ("Lye"), Sandra May ("May"), Josh Shrewsberry ("Shrewsberry"), and Wexford Health Sources, Inc. ("Wexford"), who were previously served with process and made an appearance herein prior to the filing of Plaintiff's amended complaint.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the motion to dismiss filed by Defendants Lye, May, Shrewsberry, and Wexford (ECF No. 37), and to further dismiss the claims against the remaining defendants named in the amended complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B), for failure to state a claim upon which relief can be granted.

I.     *FACTUAL BACKGROUND AND RELEVANT PROCEDURAL HISTORY*

On October 7, 2019, Plaintiff filed his initial complaint (ECF No. 2) alleging that, in June of 2018, following neck and ear surgery, "medical staff" at the Mount Olive Correctional Complex ("MOCC") were deliberately indifferent to his serious medical needs by refusing to change his bandages and failing to provide him antibiotics on four occasions. The initial complaint named Wexford and its employees Lye, May, and Shrewsberry as defendants. However, it did not allege any particular conduct by the individual defendants.

Following service of process, Wexford, Lye, May, and Shrewsberry moved to dismiss the complaint asserting that the allegations therein were insufficient to state a plausible Eighth Amendment claim and further asserting that Plaintiff failed to properly exhaust the available administrative remedies before filing his complaint. (ECF Nos. 21 and 29). On November 30, 2020, Plaintiff filed a motion to amend (ECF No. 24), requesting leave to file an amended complaint. Plaintiff's motion was granted, and he was ordered to file a proposed amended complaint by June 4, 2021. (ECF No. 31). The pending motions to dismiss were thereafter denied without prejudice. (ECF No. 33).

On June 3, 2021, Plaintiff filed his proposed amended complaint (ECF No. 35), which names 14 additional individual Wexford employees, including its unidentified Chief Executive Officer ("CEO"), as defendants. However, the body of the amended complaint still contains no specific factual allegations concerning the conduct of any of the individual defendants. The amended complaint alleges that, on or about May 30, 2018, Plaintiff sustained multiple wounds to his head, neck, torso, and hands during an assault by other inmates. Plaintiff was transported to the emergency room at Charleston Area Medical Center ("CAMC") for emergency medical care.

The amended complaint further alleges that, when Plaintiff returned to MOCC, he was housed in an isolation cell in the medical unit for about four months. (ECF No. 35 at 11-12). During that time, Plaintiff claims that the wound care and treatment instructions of his treating physician at CAMC were not followed by any of the Wexford staff. However, the amended complaint simply lists a litany of Wexford employees without any specific allegations concerning their individual conduct. The amended complaint further states, in a conclusory manner, that "the treatment plan set out by the off-site treating facilities were ignored by Wexford and their staff and employees" and that each defendant "acted with deliberate indifference in their actions and omissions with regard to the serious medical needs of Plaintiff." (*Id.* at 12). The only specific facts alleged by Plaintiff were that "[d]ay after day passed without his bandages being changed in accordance with the off-site Doctor's instructions," that the bandages began to leak, and that he allegedly developed a pus-like infection. (*Id.* at 12-13). However, he only generally alleges that each named defendant ignored those issues without providing any specific facts concerning their individual conduct.

The amended complaint further generally alleges that the individual employees acted in accordance with "restrictive deliberate[ly] indifferent policies formulated by Wexford" without identifying or describing such alleged policies or customs in any detail. (*Id.* at 13). Plaintiff merely states, again in a conclusory manner, that the defendants engaged in "systemic tactics" of ignoring off-site physicians' treatment plans and medication orders and ignoring signs and symptoms of serious medical needs and conditions. (*Id.*)

The convoluted amended complaint further alleges that Defendants' deliberate indifference continued months later when he was released from the medical unit to

3

punitive segregation. In particular, he claims that, at some point, Dr. Lye diagnosed him with "restless leg syndrome" and prescribed medication for the same, but unspecified "Wexford Nurses and Staff" failed to provide or delayed the provision of that medication to him. (*Id.* at 14). However, the amended complaint fails to identify any of the Wexford staff members allegedly involved and further fails to describe any actual injury Plaintiff suffered because of such conduct.

On June 11, 2021, Defendants Wexford, Lye, May, and Shrewsberry renewed their motion to dismiss (ECF No. 37) asserting that the complaint, as amended, fails to state a plausible claim for relief against any of the defendants and again asserts that Plaintiff failed to properly exhaust his administrative remedies before filing this civil action. Plaintiff has not opposed the renewed motion.

## II. STANDARDS OF REVIEW

Where, as here, a prisoner is proceeding *in forma pauperis*, this court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. §§ 1915(e) and 1915A. The court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). That section also provides for dismissal where the complaint seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). A similar screening provision governs all prisoner complaints filed against government entities. 28 U.S.C. §

1915A.  The standards concerning the sufficiency of pleadings are the same as those applied to motions to dismiss under Rule 12 of the Federal Rules of Civil Procedure.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to liberally construe such complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, this liberal construction requirement does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).  In evaluating the sufficiency of a complaint, the Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, *supra*, 556 U.S. at 679.  The Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id*.  Review of the complaint is "a context-specific task that requires [the Court] to draw on its judicial experience and common sense." *Id*.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

5

alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant law]" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

"[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted). Moreover, a complaint must state more than "labels and conclusions" and a claim should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, it does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. The undersigned applies these standards in consideration of the motion to dismiss filed by Defendants Wexford, Lye, May, and Shrewsberry, and in the court's initial review of the remaining allegations in Plaintiff's amended complaint to determine whether any claims therein should be permitted to proceed.

### III. DISCUSSION

Plaintiff's claims against Defendants appear to be grounded in the Eighth Amendment's guarantee against cruel and unusual punishment. In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment "imposes duties on [prison] officials who must provide humane conditions of confinement; prison

6

officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.*, at 833.

To sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the defendant had a "sufficiently culpable state of mind;'" that is, a "deliberate indifference to inmate health or safety." *Id.*, at 834. (Citations omitted.) The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

"In order to state a cognizable claim for denial of medical care under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable

7

> person in the defendant's position. *See id.* Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106.

*Miltier*, 896 F.2d at 851-852.

The burden of demonstrating deliberate indifference to a serious medical need by correctional officials and health care providers is very high. It is well settled that:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer*, 511 U.S. at 832-35; *Sosebee v. Murphy*, 797 F.2d 182-83 (4th Cir. 1986); *Loe v. Armistead*, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

*Rush v. VanDevander*, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); *Banks v. Green Rock Correctional Center Medical Dept.*, 2007 WL 2903673 (W.D. Va., Oct. 3, 2007).

Because Wexford is a contracted medical provider for the State of West Virginia's correctional facilities, the deliberate indifference standard is applicable to the conduct of both Wexford and its employees, who may be considered to be acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1998); *Polk Cty. v. Dodson*, 454 U.S. 312, 320 (1981); *Rodriguez v. Smithfield Packing Co., Inc.*, 338 F.3d 348, 355 (4th Cir. 2003). However, the Fourth Circuit has held that, like municipal corporations and other such public entities, "[a] private corporation is liable under § 1983 . . . [only] when an official policy or custom causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (4th Cir. 1999); *see also Green v. Obsu,* No. CV ELH-19-2068, 2020 WL 758141, at *10 (D. Md. Feb. 13, 2020).

Defendants Wexford, Lye, May, and Shrewsberry assert that, despite previously being granted leave to amend his complaint, Plaintiff's allegations are still insufficient to

8

state any plausible claim upon which relief can be granted. Their motion documents contend that:

> Here, Plaintiff has failed to sufficiently plead any facts that identify what any of the named defendants did or did not do. Plaintiff makes conclusory allegations as to their liability and does so without any factual support. In the original Complaint, Plaintiff failed to identify any alleged wrong doer, which unquestionably fell far short of the federal pleading standards set forth in *Twombly*, *Iqbal*, and their progeny, even under the liberal pleading standard applied to pro se complaints. This court recognized this as well. See ECF Doc. No. 32. This problem has still not been remedied.
>
> The Amended Complaint names the defendants and asserts that each "Defendant acted with deliberate indifference in there [sic] actions and omission[s] with regard to the serious medical needs of the Plaintiff." See ECF Doc No. 35, ¶¶ 22-23. Although Plaintiff provides more detail in the Amended Complaint as to what he alleges constitutes deliberate indifference, Plaintiff fails to specifically identify what each defendant did or did not do. As stated previously by Defendants in their Motion to Dismiss the original Complaint, and agreed to by this Court in the adopted Proposed Findings and Recommendation, the statements are too conclusory to state a plausible claim for relief. Accordingly, the deliberate indifference claim against Defendants should be dismissed.

(ECF No. 38 at 12-13). Plaintiff has not opposed this renewed motion to dismiss.

Although Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" the pleading must "give[] fair notice and state[] the elements of the claim plainly and succinctly." 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.13 at 8–111 (2d Ed. 1983). Thus, "[c]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim . . . ." *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). A plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" that support each of his claims. *Id., quoting Powell v. Workmen's Comp. Bd.*, 327 F.2d 131, 137 (2d Cir. 1964).

As noted above, "[t]he liberal construction requirement [afforded to *pro se* litigants] will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law." *Adams-Bey v. Rogers*, No. 3:17-cv-210-FDW, 2018 WL 1413196, *3 (W.D.N.C. Mar. 21, 2018) (*citing Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990)). Thus, a *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id*. This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Quite simply, "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225 (2004).

Plaintiff's amended complaint is replete with conclusory allegations and contains little to no specific facts concerning the actual conduct of any of the individual defendants; thus, it fails to provide fair notice of his claims against them. Moreover, even presuming that Plaintiff's alleged wound infection or restless leg syndrome could satisfy the objective component of an Eighth Amendment claim, the amended complaint fails to allege sufficient facts to establish the subjective intent of each defendant, as also required to establish an Eighth Amendment violation. Rather, the amended complaint summarily alleges that all Defendants collectively acted with deliberate indifference.

Borrowing from Judge Wilkinson's concurrence in *Evans v. Chalmers*, the allegations in the amended complaint "seek to sweep in everyone and everything, heedless of any actual indications of individual malfeasance that would justify the personal burdens that litigation can impose." 703 F.3d 636, 662 (4th Cir. 2012) (Wilkinson, J, concurring); *See also, e.g., Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff

10

cannot state a claim against a defendant by [merely] including the defendant's name in the caption."). Such sweeping allegations are wholly insufficient to state any plausible claims for relief. While Plaintiff's complaint must be read liberally, the court is "not required to piece together causes of action from fragmentary factual recitations." *See Cochran*, 73 F.3d at 1318. As noted previously herein, specificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations. *Id*. at 1317. Plaintiff's wholesale allegations are insufficient to properly assert cognizable and plausible claims under the Eighth Amendment.

Although the court granted Plaintiff leave to amend his complaint, his amended complaint fails cure the noted deficiencies and still fails to state plausible claims for relief against any of the defendants. Plaintiff's allegations are too conclusory to sufficiently state any plausible claim against the individual defendants. Additionally, his allegations insufficiently allege the existence of a policy or custom as necessary to hold Wexford liable under § 1983. Therefore, even under a liberal construction, Plaintiff has failed to correct the deficiencies in his complaint and the absence of plausible factual allegations against the defendants warrants dismissal of the amended complaint under the dictates of *Twombly* and *Iqbal*. Thus, the motion to dismiss filed by Defendants Wexford, Lye, May, and Shrewsberry should be granted under Rule 12(b)(6) and the claims against the remaining proposed defendants should be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) on the basis that the amended complaint fails to state a claim upon which relief can be granted.[1]

---

[1] In light of the recommended dismissal of the amended complaint for failure to state a claim against any of the defendants, the undersigned finds it unnecessary to address the alternative argument for dismissal for failure to exhaust administrative remedies asserted by Defendants Wexford, Lye, May, and Shrewsberry.

11

## IV. RECOMMENDATIONS

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the motion to dismiss filed by Defendants Lye, May, Shrewsberry, and Wexford (ECF No. 37), and further dismiss the claims against the remaining defendants named in the amended complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B), for failure to state a claim upon which relief can be granted.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, Extension of this time period may only be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff, and to transmit a copy to counsel of record.

January 21, 2022

Dwane L. Tinsley
United States Magistrate Judge