IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION


CLAUDE MILLS,

      Plaintiff,

v.                                                                    Case No. 2:19-cv-00727

WEXFORD HEALTH SOURCES, INC.,

      Defendants.


**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Relief from Judgment or Order Pursuant to the Rules of Civil Procedure 60(a) and (b) (ECF No. 51) (hereinafter "Plaintiff's Rule 60 motion") and Plaintiff's Motion for Appointment of Counsel (ECF No. 52). Although these motions are presently referred to United States Magistrate Judge Dwane L. Tinsley, the referral to the Magistrate Judge is **WITHDRAWN** and the undersigned will proceed to rule on both motions.

*I. RELEVANT PROCEDURAL HISTORY*

Plaintiff filed his initial Complaint, (ECF No. 2), against Defendants Wexford Health Sources, Inc. ("Wexford"), Dr. Charles Lye ("Lye"), Sandra May, PA-C ("May"), and Josh Shrewsberry, Nurse Practitioner ("Shrewsberry"), on October 7, 2019. After Wexford, Lye, May, and Shrewsberry were served with process, they filed Motions to Dismiss, (ECF Nos. 20 and 28). Magistrate Judge Tinsley subsequently granted Plaintiff's motion to amend his complaint and also filed a Proposed Findings and Recommendation ("PF&R #1") recommending that the Defendants' initial motions to dismiss be denied without prejudice due to the amendment of the complaint. (ECF Nos. 31 and 32.) On June 1, 2021, the undersigned adopted the Magistrate Judge's findings and denied the initial motions to dismiss without prejudice. (ECF No. 33.) Thereafter, in an

Amended Complaint, filed on June 3, 2021, in addition to Defendants Wexford, Lye, May, and Shrewsberry, Plaintiff named 14 additional Defendants who are alleged to be medical personnel responsible for Plaintiff's treatment or administrative employees of Wexford during the time period addressed in the Amended Complaint. (ECF No. 35.)

Plaintiff's Amended Complaint alleges that he was brutally assaulted by several inmates on May 30, 2018, resulting in multiple stab wounds to his head, neck, back, and torso. He also alleges that a portion of his ear was bitten off. (*Id*. at 4A-6–7, ¶ 20.) Plaintiff states that he "was transported to an off-sight emergency room at Charleston Area Medical Center" ("CAMC") to receive treatment for the injuries he sustained. (*Id*. at 4A-7, ¶ 21.) He further alleges that his treating physicians at CAMC ordered a treatment plan and gave instruction regarding wound care, which were "ignored by Wexford [Health] and [its] staff and employees." *(Id*. at 4A-7, ¶ 22.) As a result, Plaintiff contends that he developed a "pus like infection in his neck" and the medical staff "refused to provide antibiotics" as ordered by the CAMC doctor. (*Id.* at 4A-5, ¶ 13.)

Plaintiff's Amended Complaint also asserts that the Defendants were deliberately indifferent to his Restless Leg Syndrome ("RLS"). He contends that Dr. Lye prescribed a medication to treat this condition which Wexford nurses and other staff failed to provide. (*Id*.) But the Amended Complaint contains no other specific facts concerning Plaintiff's treatment for RLS. Nonetheless, on what few facts there are in the Amended Compaint, Plaintiff contends that each Defendant "acted with [d]eliberate [i]ndifference to [his] serious medical needs" in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (*Id*. at 4A-2.) The Amended Complaint further asserts that Plaintiff attempted to exhaust the available prison administrative remedies. (*Id.* at 3.)

On June 11 2021, Defendants Wexford, Lye, May, and Shrewsberry filed a Motion to Dismiss the Amended Complaint, (ECF No. 37), asserting that Plaintiff had failed to exhaust his

administrative remedies prior to filing his complaint, and further contending that the Amended Complaint failed to state a plausible Eighth Amendment claim against any of them.[1]  Although no response deadline was specifically set by the Court, Plaintiff did not oppose the motion.

On January 21, 2022, Magistrate Judge Tinsley filed a second Proposed Findings and Recommendation ("PF&R #2") recommending that Defendants' Motion to Dismiss be granted on the basis that the Amended Complaint failed to state a claim upon which relief could be granted against any of the named Defendants.  (ECF No. 39).  Magistrate Judge Tinsley declined to address the exhaustion defense due to the recommended dismissal of the claims on the merits.  (*Id.* at 11 n.1).  Following an extension by the Court of the objection deadline, Plaintiff timely objected to PF&R # 2 on January 31, 2022.  (ECF Nos. 43.)

On February 18, 2022, the Court issued a Memorandum Opinion and Order adopting in part and rejecting in part PF&R #2.  (ECF No. 45.)  As relevant here, although the Court agreed that Plaintiff's Amended Complaint potentially stated a plausible Eighth Amendment claim at least as to Wexford, it determined that it must first address the threshold issue of exhaustion of administrative remedies before turning to the merits of Plaintiff's claims for relief.  (*Id.* at 10-11, 16 n.3.)  The Court then converted Defendants' motion to dismiss to a motion for summary judgment to consider the grievance documents offered by Defendants, which were not integral to the complaint, in making its ruling on the exhaustion issue.  (*Id.* at 6-8.)  The Court found that Plaintiff had failed to properly exhaust both grievances and, thus, concluded that this civil action should be dismissed for failure to exhaust administrative remedies.  (*Id.* at 13-16.)

On March 4, 2022, Plaintiff filed a Notice of Appeal, (ECF No. 46), and an appellate case was opened in the United States Court of Appeals for the Fourth Circuit.  *See Mills v. Wexford*

---

[1]  As the new Defendants have not been served with process, they did not have any obligation to respond to the Amended Complaint at that time.

*Health Sources, Inc.*, No. 22-6252 (4th Cir., Mar. 7, 2022).  However, the appeal was subsequently

dismissed for failure to prosecute on May 11, 2022.  (ECF No. 55.)  On March 28, 2022, while his

appeal was pending, Plaintiff filed the instant Rule 60 motion and motion for appointment of

counsel.  (ECF Nos. 51 and 52.)  Defendants have not responded to these motions.

II.      STANDARDS OF REVIEW

A.      *Fed. R. Civ. P. 60*

Plaintiff's motion cites Rules 60(a) and 60(b) of the Federal Rules of Civil Procedure.  Rule

60(a) addresses the correction of clerical mistakes in a judgment or order.  Fed. R. Civ. P. 60(a).

As there do not appear to be clerical mistakes involved here, the Court will focus instead on the

application of Rule 60(b), which provides as follows:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion
> and just terms, the court may relieve a party or its legal representative from a final
> judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been
> discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier
> judgment that has been reversed or vacated; or applying it prospectively is no longer
> equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The relief provided by Rule 60(b) is an "extraordinary" remedy committed to the sound

discretion of the district court.  *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*,

843 F.2d 808, 810 (4th Cir. 1988) (quoting *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896

4

(4th Cir. 1987)); *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979).  To prevail

under Rule 60(b), "the party moving for relief must clearly establish the grounds therefore to the

satisfaction of the district court . . . and such grounds must be clearly substantiated by adequate

proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations and quotations omitted).

      *B.*      *Appointment of Counsel in Civil Cases.*

      The appointment of counsel to represent *pro se* plaintiffs in civil actions is governed by 28

U.S.C. § 1915(e)(1), which states, in pertinent part: "The court may request an attorney to represent

any person unable to afford counsel."  Plaintiff clearly has no constitutional right to counsel in this

civil action, and appointment thereof rests within the discretion of the court.  A denial of a

plaintiff's request for appointment of counsel constitutes an abuse of the court's discretion only if

the plaintiff's case presents "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160 (4th

Cir. 1984) (*abrogated on other grounds by Mallard v. United States Dist. Court*, 490 U.S. 296

(1989)). To determine the existence of exceptional circumstances, the Court must consider (1) the

type and complexity of the case, and (2) the abilities of the person bringing the action. Id. at 163.

The United States Court of Appeals for the Fourth Circuit has held, "[i]f it is apparent to the district

court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district

court should appoint counsel to assist him." *Id*.; *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir.

1978).

                           *III.*      *DISCUSSION*

      *A.*      *Plaintiff's Rule 60 Motion.*

      Petitioner's motion appears to rely upon subsections (1) and (6) of Rule 60(b).  A motion

under Rule 60(b)(1) must be filed within one year of the entry of the judgment or order in question.

A motion under Rule 60(b)(6) must otherwise be filed "within a reasonable time."  Plaintiff's

motion was filed within two months of the entry of the Court's February 18, 2022 Memorandum

Opinion and Order.  Thus, it was timely filed under both provisions.

Plaintiff's motion asserts three bases for relief from the Court's Memorandum Opinion and

Order granting summary judgment to Defendants:  (1) that the Court erroneously found that

Plaintiff had failed to respond to Defendants' Motion to Dismiss the Amended Complaint; (2) that

the Court erroneously omitted a finding of fact and conclusion of law concerning Plaintiff's

assertion of exceptions to the exhaustion requirement grounded in the availability of the grievance

process; and (3) that the Court erroneously converted Defendants' motion and granted summary

judgment to Defendants without giving Plaintiff proper notice of his response requirements in

accordance with the Fourth Circuit's holding in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.

1975).  Plaintiff contends that each of these alleged errors qualifies as an "oversight, mistake,

omission, or misapprehension of facts, record, and law" sufficient to grant relief from the judgment

under Rule 60(b)(1) or "any other reason that justifies relief" under Rule 60(b)(6) and that such

errors render the Court's judgment "void on its face or voidable."  (ECF No. 51 at 1-2.)

In PF&R #2, Magistrate Judge Tinsley noted that Plaintiff had not responded to

Defendants' renewed Motion to Dismiss.  Significantly, although Magistrate Judge Tinsley entered

an Order and Notice setting deadlines to respond and reply to Defendants' initial motions to

dismiss, which ultimately were denied without prejudice, he did not enter a similar Order and

Notice when Defendants filed their renewed motion concerning the Amended Complaint.

Consequently, in his Rule 60 motion, Plaintiff asserts that he was unaware of his obligation to

respond to that motion.  Nonetheless, Plaintiff further contends that he prepared and attempted to

mail a response (which he calls a "Traverse") to the renewed motion to dismiss, which was never

received by the Clerk's Office or the Court.  Plaintiff now maintains that his Traverse, a copy of

which he has attached to his Rule 60 motion, must not have been mailed by prison staff.[2]  Thus,

he contends he was improperly denied the opportunity to rebut Defendants' arguments for

dismissal.

Of greater significance, however, is the fact that no *Roseboro* notice was sent in this matter.

Where the Court considers matters outside the pleadings, it must treat a Rule 12(b)(6) motion as a

motion for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).  In such cases, courts must

give all parties a "reasonable opportunity to present all the material that is pertinent to the motion."

*Id*.  A reasonable opportunity requires: (1) some notice by the court to the parties that "it is treating

the 12(b)(6) motion as a motion for summary judgment[,]" and (2) notice of "the consequent right

in the opposing party to file counter affidavits or pursue reasonable discovery."  *Gay v. Wall*, 761

F.2d 175, 177 (4th Cir. 1985) (internal quotation marks omitted) (internal citations omitted).

In *Roseboro*, *supra,* the Fourth Circuit found that a *pro se* litigant should be advised of the

obligation to respond to a motion for summary judgment and of the types of evidence required to

properly oppose such a motion.  Since *Roseboro*, it has overturned summary judgment rulings

where no such notice has been given.  528 F.2d at 310; *see also, e.g., Taccino v. Nat'l Rural Letter

Carriers Ass'n*, 120 F. App'x 453 (4th Cir. 2005) (applying *Roseboro* to find summary judgment

improper against a *pro se* plaintiff who responded to the defendant's motion for summary judgment

but did not file affidavits and did not receive notice of potential judgment against him).

Without doubt, it was appropriate to convert Defendants' motion to dismiss to a motion for

summary judgment to consider the grievance documents which were not integral to the complaint,

but this Court failed to give Plaintiff the proper notice before granting summary judgment, a

---

[2]  The Court notes, however, that when Plaintiff filed his objections to PF&R #2, he neither objected to Magistrate Judge Tinsley's statement that the motion was unopposed, nor did he mention the fact that he had allegedly tried to file this Traverse that was never docketed.

mistake or omission that warrants relief under Rule 60(b)(1).  Such error is noteworthy given the

Court's additional oversight of Plaintiff's contentions that the administrative remedy process was

unavailable due to his circumstances while housed in the prison's medical unit and the conduct of

Wexford and/or prison staff upon whom he had to rely to obtain and timely submit grievance

documents for him.  As indicated in his current motion, Plaintiff raised these issues in his Amended

Complaint.  For example, paragraph 4 on page 4A-1 of the Amended Complaint states as follows:

> The Plaintiff has exhausted all state and administrated [sic] remedies available to
> him at the time of the deprivation of his cognizable Constitutional rights and federal
> law or he was prevented from doing so by the overtly oppressive nature of his
> confinement at the time of the deprivation of his Constitutional rights and Federal
> laws.  The Plaintiff followed state (PLRA) requirements by orally informing prison
> staff and prison medical staff of his grievance issues as they relate to this action.
> Plaintiff followed up in writing with Medical Unit Prison Staff.  The Plaintiff
> followed up with formal prison Grievance procedures on unresolved issues.
> Subsequent to the Complaint's exhaustion efforts, the present 42 U.S.C. 1983
> action was filed.

(ECF No. 35 at 6-7, pp. 4A-1 and 4A-2, ¶ 4.)  Additionally, in paragraph 18 on page 4A-6 of the

Amended Complaint, Plaintiff states as follows:

> In an effort to cover-up [sic] their (the Defendants') actions each individually and
> systematically prevented the Plaintiff from obtaining the necessary materials to
> access the grievance system of Mount Olive Correctional Complex.  During the
> stay in the Medical Unit, the Plaintiff could not move about and could only receive
> materials to exhaust administrative remedies by requesting them from staff.  Staff
> ignored each request and continued their individual and systematic deliberate
> indifferent conduct of withholding and omitting medical care necessary for the
> Plaintiff['s] injuries and illness.

(ECF No. 35 at 11, p. 4A-6, ¶ 18.)  The Court's Memorandum Opinion and Order improperly

failed to consider these assertions in ruling on the exhaustion issue.

Moreover, as part of his instant motion, Plaintiff has provided a copy of Grievance No. 19-

MOC-Q1-198 (his grievance concerning lack of treatment for RLS), which suggests that he

properly exhausted his grievance through all three levels of the West Virginia Division of

Corrections and Rehabilitation's administrative remedy process.  This copy of the grievance differs

from that submitted by Defendants with their converted motion for summary judgment. (ECF No. 51 at 14.) Based upon Plaintiff's production of this additional evidence, the failure to give Plaintiff proper notice of the Court's intended conversion of Defendants' motion, and the Court's reliance on Defendants' version of the evidence without providing Plaintiff an opportunity to counter the same, the Court finds that it is in the interest of justice to grant Plaintiff's Rule 60 motion and reopen this matter for further consideration of the exhaustion issue.

Accordingly, Plaintiff's Rule 60 motion, (ECF No. 51), is **GRANTED** and the Court's February 18, 2022 Memorandum Opinion and Order is hereby **VACATED AND SET ASIDE**. The Clerk is directed to reopen and again refer this civil action to Magistrate Judge Tinsley to give proper notice of the requirements for summary judgment and to further consider the exhaustion issue and Defendants' motion under Rule 56 of the Federal Rules of Civil Procedure.

B.       *Plaintiff's Motion for Appointment of Counsel.*

Magistrate Judge Tinsley previously denied three motions for appointment of counsel filed by Plaintiff. (ECF Nos. 22, 31, and 40.) As explained in each of those orders, there is no right to appointment of counsel in a civil case such as this and, within its discretion, the Court may only seek counsel to represent a pro se plaintiff in exceptional circumstances. Magistrate Judge Tinsley found no such exceptional circumstances here, and the undersigned agrees with that finding. This matter is not complex, and, to date, Plaintiff's filings indicate that he is able to represent himself. Accordingly, Plaintiff's present Motion for Appointment of Counsel (ECF No. 52) is **DENIED WITHOUT PREJUDICE**.

  **IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the *pro se* Plaintiff and to transmit a copy to counsel of record.

ENTER:       January 3, 2023

_____
THOMAS E. JOHNSTON, CHIEF JUDGE