IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CLAUDE MILLS,

          Plaintiff,

v.                                   CIVIL ACTION NO.   2:19-cv-00727

WEXFORD HEALTH SERVICES., et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

      Before the Court is Defendants Charles Lye, Sandra May, Josh Shrewsberry, and Wexford Health Sources, Inc. Motion to Dismiss. (ECF No. 37.) By Standing Order entered January 4, 2016, and filed in this case on October 7, 2019, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF&R"). (ECF No. 5.) Magistrate Judge Tinsley filed his most recent[1] PF&R on January 27, 2026, recommending that this Court **GRANT** the motion to dismiss and converted motion for summary judgment, (ECF No. 37), and further **DISMISS** the claims against the remaining defendants named in the amended complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B), for failure to exhaust administrative remedies and failure to state a claim upon which relief can be granted. (ECF No. 69.)

---

[1] Multiple PF&Rs have been filed in this case (ECF Nos. 32, 39, 69.) This Court presently addresses the most recent PF&R, (ECF No. 69), filed January 27, 2026.

1

The Court is not required to review, under de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R in this case were due on February 13, 2026. (ECF No. 69.) To date, no objections have been filed.

Accordingly, the Court **ADOPTS** the **PF&R**, (ECF No. 69), **GRANTS** the motion to dismiss and converted motion for summary judgment, (ECF No. 37), and further **DISMISSES** the claims against the remaining defendants named in the amended complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B), for failure to exhaust administrative remedies and failure to state a claim upon which relief can be granted. The Court further **ORDERS** that this case be **DISMISSED** and **STRICKEN** from the docket of this Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 5, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE